UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARRETT SUTTON,<br><br>　Plaintiff,<br><br>v.<br><br>QUICK ACQUISITION, LLC,<br><br>　Defendant. | Civil Action No.:<br><br>_____ |

## NOTICE OF REMOVAL

Defendant Quick Acquisition, LLC ("Quick Acquisition" or "Defendant"), pursuant to 28 U.S.C. § 1446, hereby files this notice of removal of the civil action now pending in the State Court of Gwinnett County, Georgia, Civil Action File No. 22-C-00020-S3, styled as *Garrett Sutton v. Quick Acquisition, LLC* (the "civil action"), respectfully showing this Court as follows:

1.　Quick Acquisition files this Notice of Removal because this Honorable Court has original jurisdiction over Plaintiff's claims of alleged violations of the Fair Credit Reporting Act ("FCRA") contained within his Amended Complaint adding Defendant as a party defendant to this case, and served on Defendant through an

1

acknowledgment and waiver of service executed by Defendant's counsel on June 7, 2022.

## STATEMENT OF THE CASE AND BASIS FOR REMOVAL

2. On January 3, 2022, Plaintiff filed his initial Complaint against QuickSius, LLC ("QuickSius") and All Restoration Solutions, LLC ("All Restoration") for alleged violations of the FCRA, in the State Court of Gwinnett County, Georgia. A copy of the initial Complaint is attached hereto as "Exhibit A."[1]

3. Four days later, on January 7, 2022, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice as to defendant All Restoration. *See* Exhibit F.

4. On February 15, 2022, approximately one month after this voluntary dismissal, Plaintiff – without obtaining a court order pursuant to O.C.G.A. § 9-11-21 – impermissibly filed an Amended Complaint unilaterally adding Quick Acquisition, LLC as a new party defendant. A copy of the improperly filed Amended Complaint is attached hereto as "Exhibit G."[2]  Specifically, Plaintiff purported to

---

[1] Quick Acquisition also includes the following documents associated with the filing of the Complaint: State Court Summons for Defendant All Restoration (attached as Exhibit B); State Court Summons for Defendant QuickSius (attached as Exhibit C); State Court Civil Cover Sheet (attached as Exhibit D); and Return of Service for Defendant QuickSius (attached as Exhibit E).

[2] Quick Acquisition also includes the following documents associated with the improper filing of the Amended Complaint: State Court Summons for Quick

2

unilaterally replace the previous defendant QuickSius with a new party defendant, Quick Acquisition. *Id*.

5. At no time did Plaintiff seek leave of the Court to add Quick Acquisition as a Defendant in this case. Moreover, Plaintiff also did not receive a Court Order to replace one party with another as required by O.C.G.A. § 9-11-21. Under Georgia law, Plaintiff was required to seek leave of court and obtain a court order before adding a new party in his Amended Complaint. Therefore, Plaintiff's attempt at adding Quick Acquisition for its Amended Complaint was a nullity and was ineffective. *See Valdosta Hotel Props, LLC*, 278 Ga. App. 206, 210 (2006) (a plaintiff adding a party defendant without a court order to a case is legally "ineffective").

6. In order to protect its interests, Quick Acquisition filed, via a special appearance, a Motion to Dismiss and/or Strike Plaintiff's Amended Complaint and Demand for Jury Trial ("Motion"), asserting the aforementioned argument. *See* Exhibit J. In accordance with Georgia law, Quick Acquisition also filed its Special Appearance Affirmative Defenses and Answer to Plaintiff's Amended Complaint contemporaneously with its Motion. *See* Exhibit K. In this filing, Quick Acquisition

---

Acquisition (attached as Exhibit H); and Return of Service for Quick Acquisition (attached as Exhibit I).

expressly asserted that it filed "its Affirmative Defenses and Answer via special appearance, without waiver of any jurisdiction, service, or other defenses because Defendant was never property added to the above captioned case, so Plaintiff's Amended Complaint is a nullity." *Id*., at footnote 1.

7. Prior to the Court having an opportunity to decide Quick Acquisition's Motion, Plaintiff sought and obtained the consent of Defendant to properly add Defendant to the state court case. To this end, with the consent of Defendant, on May 31, 2022, Plaintiff filed a Joint Stipulation and Consent Motion to Add Quick Acquisition as a Defendant ("Motion to Add Quick Acquisition"). *See* Exhibit L. In other words, Plaintiff admitted that, due to his failure to follow Georgia law and its procedural requirements, Quick Acquisition was not considered or deemed a defendant to this litigation until the filing of May 31, 2022. *Id*.

8. On June 1, 2022, the State Court of Gwinnett County entered an Order granting Plaintiff's Motion to Add Quick Acquisition, and, permitted Plaintiff to file its Amended Complaint and effectuate service on this Defendant. *See* Exhibit M.

9. On June 7, 2022, counsel for Quick Acquisition executed its Acknowledgement and Waiver of Service to Plaintiff's Amended Complaint. *See* Exhibit N. Quick Acquisition did not become a party to the suit until the date Defendant signed the Waiver of Service. *See Brown v. Macon-Bibb County Planning*

*& Zoning Comm'n,* Civil Action No. 5:07-cv-00161-HL, 2007 U.S. Dist. LEXIS 54842, at *4 (M.D. Ga. July 30, 2007) (noting that "[s]ervice of process is the procedure by which a defendant officially becomes a party to an action" and that the thirty-day deadline to remove under 28 U.S.C. § 1446(b) starts when a party is served or the party executes a waiver of service).

10. As Plaintiff formally added Defendant Quick Acquisition as a party to this case via the state court's order on June 1st; and Defendant Quick Acquisition executed its Acknowledgement and waiver of service to Plaintiff's Amended Complaint on June 7th, it is undisputed that Defendant Quick Acquisition's execution of this waiver constituted its receipt of service.

11. Accordingly, Quick Acquisition's notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of June 7, 2022.

12. Plaintiff's Amended Complaint asserts claims against Quick Acquisition alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a—x (the "FCRA"), on behalf of himself and others. *See* Exhibit G. This Court, therefore, has original jurisdiction over those claims pursuant to 28 U.S.C. §1331 (federal question jurisdiction), and Quick Acquisition may remove the matter pursuant to 28 U.S.C. §1441.

13. In the alternative, this Honorable Court has diversity jurisdiction over this matter. Plaintiff is, and has been, a resident of Snellville, Georgia. *See* Exhibit G, at ¶ 23. Quick Acquisition is a foreign limited liability company (*Id.*, at ¶ 26), with all of its members located outside the State of Georgia. Plaintiff further details that he is seeking, on behalf of himself, and a nationwide class, actual damages (lost wages, mental distress, etc.), as well as statutory damages, punitive damages and attorneys' fees. *Id.*, at ¶¶ 117-118, 128, 131, 133. Therefore, while the Prayer for Relief herein does not state the amount of damages being sought, it is clear that, based upon his allegations, Plaintiff's claimed damages exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *Id.*, Prayer for Relief, following ¶ 133. As a result, the above-entitled action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b).

14. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district embracing the place where the state court action is pending.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the State Court of Gwinnett County, Georgia (A copy of the Notice of Filing of Notice of Removal submitted to the Clerk of the State Court of Gwinnett County, Georgia, is attached hereto as "Exhibit O").

WHEREFORE, Defendant Quick Acquisition, LLC removes this case to this Court.

Respectfully submitted, this 23rd day of June, 2022.

                              **WILSON ELSER MOSKOWITZ EDELMAN AND DICKER, LLP**

                              */s/ Parks K. Stone*
                              Parks K. Stone
                              Georgia Bar No. 547930
                              Lawrence Lee Washburn IV
                              Georgia Bar No. 562374

3348 Peachtree Road N.E.       Eric S. Mueller
Suite 1400                              Georgia Bar No. 660127
Atlanta, Georgia 30326         *Counsel for Defendant Quick*
Phone: (470) 419-6650          *Acquisition, LLC*
Fax: (470) 419-6651
parks.stone@wilsonelser.com
lee.washburn@wilsonelser.com
eric.mueller@wilsonelser.com

## CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

This 23rd day of June, 2022.

                                      **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                                      */s/ Parks K. Stone*
                                      Parks K. Stone

272333472v.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing **Notice of Removal** on all parties by email and U.S. Mail, including all counsel, such as:

Octavio "Tav" Gomez
The Consumer Lawyers
32310 W. Cypress Street
Tampa, Florida 33607
tav@theconsumerlawyers.com

*Counsel for Plaintiff*

This 23rd day of June, 2022.

        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

        */s/ Parks K. Stone*
        Parks K. Stone

272333472v.1